Michael D. SMITH, an individual, Plaintiff,

v.

UNITED TRANSPORTATION UNION LOCAL NO. 81, a labor organization; United Transportation Union, AFL–CIO, a labor organization; North San Diego County Transit District; North San Diego County Transit Development Board; Robert M. Mullins, individually and as the Manager of Personnel of the North San Diego County Transit District and the North San Diego County Development Board, Defendants.

Civ. No. 83–282–T(M).

United States District Court, S.D. California.

May 21, 1984.

Mark T. Bennett, Merrill & Schultz, San Diego, Cal., for plaintiff.

Lawrence Drasin, Los Angeles, Cal., for defendants United Transp. Union Local 81; United Transp. Union, AFL–CIO.

Larry J. Frierson, Los Angeles, Cal., for defendants, North San Diego County Transit and North San Diego County Transit Development Bd.

Robert D. Rice, Garfield, Schwartz, Rice & Wilcox, San Diego, Cal., for Robert M. Mullins.

## ORDER STRIKING AFFIRMATIVE DEFENSES AND IMPOSING SANCTIONS

TURRENTINE, District Judge.

In April of 1981, plaintiff was fired from his job as a bus driver for the North San Diego County Transit District ("Transit District"). The Transit District fired plaintiff at the request of the United Transportation Union Local No. 81 ("the Union") and pursuant to the terms of the collective bargaining agreement because plaintiff had failed to pay his agency dues. Plaintiff was not a member of the Union, but was required to pay dues equal to those paid by Union members. Plaintiff objected to the Union's alleged use of those dues for political expression with which he disagreed, and after failing to obtain a refund or an accounting from the Union, decided to withhold payment of his agency dues.

In February of 1983, plaintiff sued the Transit District and the Union pursuant to 42 U.S.C. § 1983 for deprivation of his First Amendment rights. Defendants raised several affirmative defenses, including those at issue here. Plaintiff moved to strike those defenses as legally insufficient and the matter was briefed and argued. In an order entered June 9, 1983, all proceedings in this case were stayed pending the outcome of the appeal to the Supreme Court of the Ninth Circuit's decision in *Ellis v. B.R.A.C.*, 685 F.2d 1065 (1982).

Upon reconsideration, the Court lifted that stay on March 8, 1984, and resolved the motions which had been pending at the time the stay was ordered. In a written order the Court denied defendants' motion to dismiss, allowed plaintiff to amend his complaint, allowed defendants to amend their answers and granted plaintiff's motion to strike certain affirmative defenses. Since substantial time had elapsed since some of those motions were originally filed, they were granted without prejudice to future motions by the parties. The obvious import of that qualification was, for example, that defendants were free to reassert affirmative defenses if such were pertinent to the amended complaint because of the ways in which it differed from the original complaint.

Robert Mullins, a Transit District official, was named in the amended complaint and he filed an answer which raised certain affirmative defenses. Defendants Transit District and Union reasserted their previously stricken affirmative defenses without a word of explanation as to why such were now appropriate when they were not before. The briefs submitted by these defendants in opposition to plaintiff's renewed motion to strike those defenses are essentially identical to those filed in opposition to the original Rule 12(f) motion.

## I. THE RULE 12(f) MOTION TO STRIKE

Defendant Union once again raises the following affirmative defenses: (1) failure to exhaust the grievance procedure provided by the collective bargaining agreement; (2) failure to exhaust internal union remedies; (3) failure to file this action within the six-month statute of limitations provided by the National Labor Relations Act, 29 U.S.C. § 160(b) as amended; (4) laches. Defendants Transit District and Mullins, in separate papers, raise the following defenses: (1) choice of remedies; (2) failure to exhaust the grievance procedure provided by the collective bargaining agreement; (3) failure to exhaust internal union remedies; (4) failure to file this action within the 100-day statute of limitations for petitioning to vacate an arbitration award under Cal.Code Civ.Proc. § 1288; (5) laches. Plaintiff moves for the second time to strike these defenses. Since the arguments advanced on behalf of these defenses by the various defendants are substantially the same, we shall consider them by category.

### A. *The Failure to Exhaust Other Remedies*

■ The plaintiff could hardly be required to exhaust internal union remedies established by the contract between the union and its members since plaintiff is not and has never been a member of the Union. As to the contractual remedies set

forth in the collective bargaining agreement, plaintiff did not pursue those because under the contract only the Union can file a discharge grievance with the Transit District. Plaintiff hired an attorney and tried to file his own discharge grievance, but was ignored. Needless to say the Union, which had demanded plaintiff's discharge for failure to pay his agency dues, was hardly anxious to protect his rights and did not pursue the grievance procedure.

■ Moreover, it is well settled that the law does not require a plaintiff to exhaust alternative remedies before bringing suit under § 1983. *Patsy v. Florida Board of Regents*, 457 U.S. 496, 512–16, 102 S.Ct. 2557, 2566–68, 73 L.Ed.2d 172 (1982). This is a "flat rule without exception," *Heath v. Cleary*, 708 F.2d 1376, 1379 (9th Cir.1983), and equally applicable to contractual as well as administrative remedies. *Columbus Ed. Ass'n v. Columbus City School District*, 623 F.2d 1155, 1156–57 n. 1 (6th Cir.1980); *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49–50, 94 S.Ct. 1011, 1020–1021, 39 L.Ed.2d 147 (1974). Such exhaustion would be meaningless because the results of a grievance arbitration cannot preclude or predetermine a discharged employee's action under § 1983. *McDonald v. City of West Branch*, —— U.S. ——, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984).

Defendants support their exhaustion arguments with citations to such cases as *Clayton v. U.A.W.*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). Such authorities are wholly irrelevant for plaintiff has sued under 42 U.S.C. § 1983, *not* under the Labor Management Relations Act, 29 U.S.C. § 185, as amended, where exhaustion is usually required. Such contractual remedies are often adequate to redress wrongs related to the contractual obligations of unions and members, but remain inadequate to redress violations of the Federal Constitution.

■ The Union argues that even if plaintiff's action is brought under § 1983 with respect to the Transit District, it must be a traditional labor action with respect to itself since the Union is not a state actor subject to suit under the Civil Rights Act. Defendant Union blithely ignores *25 years* of Supreme Court precedents which have treated suits such as this one as First Amendment claims properly brought against labor unions under § 1983. *See e.g., International Ass'n of Machinists v. Street*, 367 U.S. 740, 81 S.Ct. 1784, 6 L.Ed.2d 1141 (1961); *Railway Clerks v. Allen*, 373 U.S. 113, 83 S.Ct. 1158, 10 L.Ed.2d 235 (1963); *Abood v. Detroit Board of Education*, 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977); *Ellis v. B.R. A.C.*, —— U.S. ——, 104 S.Ct. 59, 78 L.Ed.2d 77 (1984). Even private citizens may be liable under § 1983 if they invoke or enforce constitutionally defective state laws or act in consort with state officials. *See, e.g., Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 2751–52 n. 15, 2756–57, 73 L.Ed.2d 482 (1982); *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 724–26, 81 S.Ct. 856, 861–862, 6 L.Ed.2d 45 (1961). The state action in the instant case is the law, implemented by the Union and the Transit District, which allows the Union to operate an agency shop and thus compel non-members to finance Union political expression. *Abood, supra*, 431 U.S. at 218–19 & n. 12, 97 S.Ct. at 1790–91 & n. 12.

**B. *The Statute of Limitations.***

■ Like their exhaustion arguments, defendants' contentions that this action is time-barred are based on their reading of obviously inapplicable law. When a § 1983 action is brought in California, the applicable statute of limitations is the three-year period created by Cal.Code Civ.Proc. § 338(1). *Jackson v. Hayakawa*, 605 F.2d 1121, 1127 (9th Cir.1979); *cert. denied*, 445 U.S. 952, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980).

Defendants Transit District and Mullins argue that § 338(1) does not apply because this is not in fact a § 1983 suit, but an attempt to vacate an arbitration award, which carried a 100-day statute of limita-

tions. Cal.Code Civ.Proc. § 1288. Defendants would do well to re-read the complaint. There has been no arbitration award to appeal from, and plaintiff seeks to vindicate constitutional, not contractual rights. Section 1288 is clearly inapplicable.

Defendant Union's limitations argument is equally frivolous. The Union would have this Court apply the six-month limitation period set out in 29 U.S.C. § 160(b), even though the Union admits in its brief that the National Labor Relations Act does not apply to public employers or unions such as the defendants here. 29 U.S.C. § 152(2). Furthermore, even if this were an action for breach of the duty of fair representation, as the Union insists, the applicable statute of limitations would still be § 338(1) with its three-year period. *Edwards v. Teamsters*, 719 F.2d 1036, 1040 (9th Cir.1983).

Since there is no disagreement that the action was filed within three years of accrual, defendants' statute of limitations defenses are legally insufficient.

### C. *Laches.*

Plaintiff seeks both equitable and legal relief, and to the extent that this action is one at law, laches is of course inapplicable. Plaintiff's claims for monetary and punitive damages both sound in law, not in equity. *Curtis v. Loether*, 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974). The issue of whether laches may bar a § 1983 action brought within the applicable limitations period is unsettled. Some courts have held that whatever statutory period limits the damages claims also limits the equitable relief sought. *See, e.g., Cestaro v. Mackell*, 429 F.Supp. 465, 467 (E.D. N.Y.), *aff'd*, 573 F.2d 1288 (2d Cir.1977). Another has ruled that laches may bar a § 1983 action which seeks *only* equitable relief. *Cannon v. University of Chicago*, 710 F.2d 351, 359 (7th Cir.1983). And courts have generally held that the defense of laches is inapplicable to prospective equitable relief. *See, e.g., Environmental Defense Fund v. Marsh*, 651 F.2d 983, 1005 n. 32 (5th Cir.1981).

Defendants Transit District and Union cite only one case in their opposition papers in support of their laches defense. They rely upon *Nilsen v. City of Moss Point*, 674 F.2d 379 (5th Cir.1982), for the proposition that the equitable portion of plaintiff's claim may be barred by laches even if the legal relief is timely. That case indeed endorses that proposition, however, it was vacated and reversed by the Fifth Circuit sitting *en banc*! 701 F.2d 556 (1983). *See* Rule 19 of the United States Court of Appeals for the Fifth Circuit. Neither the Union nor the Transit District bothered to bring this fact to the Court's attention.

■ The Court believes that the preferable rule is that where a plaintiff seeks *both* equitable relief such as reinstatement and damages in a § 1983 action, laches is inapplicable and the statute of limitations governs. This recognizes the deference that equity has traditionally given to law in matters of limitation. *See Cope v. Anderson*, 331 U.S. 461, 464, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602 (1947); *Russell v. Todd*, 309 U.S. 280, 289, 60 S.Ct. 527, 532, 84 L.Ed. 754 (1940). However, given the unsettled nature of the law on this issue, the Court feels that striking the laches defense would be premature.

### II. THE RULE 11 SANCTIONS MOTION.

■ Rule 11, as recently amended, requires a court to impose sanctions on attorneys who submit arguments which they know, or after "reasonable inquiry" should know, to be "[un]warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." The rule thus requires attorneys to inquire into the state of the law and the facts before making arguments to the court and to offer only those arguments which are supported by the law or a reasonable argument to change the law.

This minimal standard of practice has not been met by the attorneys representing the defendants in this case. Counsel for the Union and the Transit District raised affirmative defenses previously stricken by

this Court without a *single word* of explanation as to why these defenses were now sufficient with respect to the amended complaint. The briefs offered in support of these defenses were copies of those submitted the last time the Court ruled on the matter. In this circumstance, it is hard to avoid the conclusion that these defenses were "interposed for an improper purpose, such as to harass [the plaintiff] or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11.

Furthermore, the arguments advanced by counsel for the Union and the Transit District can hardly be characterized as "warranted by existing law" since they rely, for the most part, on labor law cases wholly inapplicable to § 1983 actions such as the one in issue. The attorneys for the Transit District persisted in their defense of choice of remedies even though the plaintiff supplied them with a copy of *McDonald v. City of West Branch*, — U.S. —, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), in which the Supreme Court unanimously laid to rest the notion that a grievance procedure can provide an adequate substitute for adjudicating claims under § 1983. These attorneys thus not only failed to make their own "reasonable inquiry" into the state of the law, they also refused to benefit from the work done by their opponents.

The Court's discussion of the merits of the affirmative defenses reveals the frivolous nature of defendants' attempts to ignore the obviously relevant law in favor of cases and arguments wholly unresponsive to those raised in plaintiff's motion. Furthermore, counsel for the Transit District and the Union based their laches arguments entirely on the *Nilsen* case, which had been vacated and was therefore of absolutely no precedential value. Transposing the numerals in a citation and even citing *obiter dicta* as actual holdings are common errors which the Court overlooks. But what we have here is misrepresentation of legal authority.

Rule 11 no longer requires willfulness as a prerequisite for imposing sanctions. Advisory Committee Note on 1983 Amendment. The gross negligence of defendants' attorneys in this case is ample justification. However, the circumstances strongly suggest that at least counsel for the Union knew the true nature of the *Nilsen* case. Counsel for the Union cited the original panel decision in *Nilsen* as an *en banc* opinion, which reveals that they knew that there had been an *en banc* decision in that case. Yet they did not favor the Court with a citation to the actual *en banc* opinion, which is in fact reported at 701 F.2d 556, and which vacated the panel decision on which defendants relied. This is more than a merely sloppy failure to "Shepardize" a case. When confronted with the correct citations and holdings in plaintiff's reply brief and by the Court during oral argument, counsel for the Union remained unrepentant and declared the plaintiff's motion for sanctions was "the height of arrogance." Although the behavior of other defense attorneys in this matter has been far from exemplary, the conduct of the Union's attorneys stands out as an appropriate case for the imposition of Rule 11 sanctions.

Rule 11 provides that a proper sanction is the "reasonable expense incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." Counsel for the plaintiff has submitted an affidavit detailing a portion of his costs in bringing this second motion to strike, and the Court is satisfied that this sum, with an addition for the appearance in court, will constitute a reasonable penalty.

FOR THE FOREGOING REASONS, IT IS ORDERED that:

(1) The affirmative defenses of failure to exhaust other remedies, choice of remedies and the statute of limitations will be STRICKEN from the pleadings;

(2) Counsel for the Union will pay to counsel for the plaintiff the sum of $1,500.00 as a SANCTION for their conduct in this matter.