**In re Sandra Lyn AKRIDGE, Debtor.**

**LOCAL 11500, COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, Appellant/Plaintiff,**

**v.**

**Sandra Lyn AKRIDGE, Appellee/Defendant.**

**BAP No. SC 87–1399.
Bankruptcy No. 85–00019–P7.
Adv. No. C85–0557–M7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 22, 1988.

Decided July 19, 1988.

Lewis N. Levy, Levy, Goldman & Levy, Los Angeles, Cal., for appellant/plaintiff.

John A. Delisi, Jacoby & Meyers, Ralph O. Boldt, Trustee, Poway, Cal., for appellee/defendant.

Before MOOREMAN, VOLINN and ASHLAND, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

By this appeal, the Appellant/Communications Workers of America ("The Union") seeks to set aside an order by the Bankruptcy Court which imposed sanctions upon the Union for attorney's fees incurred by

the debtor in defending the underlying action. The Union had filed a complaint under § 523(a)(6) of the Bankruptcy Code alleging that a fine it had imposed upon the debtor was nondischargeable. The Bankruptcy Court granted the debtor's motion for summary judgment and imposed sanctions in the amount of $2,827.14 pursuant to Bankruptcy Rule 9011. The Union seeks a review of only the court's imposition of sanctions.

## FACTS

The debtor is the mother of two children who in 1983 were five and twelve years of age. At the time of the underlying dispute, she was divorced, received no spousal support and child support amounted to only $100 a month. Additionally, a loss of regular employment, even for a short period of time, would have been a significant economic hardship. Trial Court Opinion, *In re Akridge*, 71 B.R. 151, 152 (Bankr.S.D.Cal. 1987). The Union does not dispute the above facts.

At the time of the underlying dispute, the debtor was a member of the Union and an employee of Pacific Telephone and Telegraph. Approximately two weeks before the Union engaged in strike activity against Pacific Telephone, the debtor informed her Union representative that due to financial hardship, she could only afford to participate in the scheduled strike for three days. After honoring the picket line for three days, the debtor returned to work on August 7, 1983, and continued to work until the end of the strike on August 27, 1983. When the strike had ended, the Union served her with notice of the "internal Union trial." [1] The debtor did not appear at the Union's hearing, was found guilty of violating the Union's constitution and fined $2909.12, the amount of wages earned during the strike, plus $100 in liquidated damages.

The Union notified the debtor of the Union's determination and her appeal rights, but she neither appealed the fine nor paid it. Since the debtor did not respond, the Union filed an action against her in Municipal Court on November 15, 1984, and served the debtor with the complaint on December 2, 1984. On January 3, 1985, the debtor filed her Chapter 7 petition.

On April 1, 1985, the Union filed an adversary action claiming the debt arising from the fine imposed at the Union hearing was nondischargeable under 11 U.S.C. § 523(a)(6). Apparently, neither party engaged in discovery and in April 1986, (a year after the filing of the complaint), the Union sought to extend the discovery cut off date in order to depose the debtor. The request was denied and the parties agreed to submit the issue of nondischargeability to the bankruptcy court on cross-motions for summary judgment.

On October 21, 1986, a hearing was held on the motions and on March 10, 1987, the Bankruptcy Court rendered an Opinion granting the debtor's motion for summary judgment and imposing sanctions upon the Union for costs in defending the adversary action. The Bankruptcy Court determined the Union's contention, that the fine was nondischargeable as a "willful and malicious injury," was not warranted by existing law and that the proceeding had been "brought to harass the debtor." *In re Akridge*, 71 B.R. at 155. The court also determined that "[t]he [Union's] argument that the debtor must first exhaust her administrative remedies within the Union before she can file bankruptcy and discharge her debt to the Union is particularly frivolous and without precedential support under the Code." *Id.*

## DISCUSSION

■ The Ninth Circuit has recently stated:

> Appellate review of orders imposing sanctions under Rule 11 may require a number of separate inquiries. If the facts relied upon by the district court to establish a violation of the Rule are disputed on appeal we review the factual

---

**1.** In order to hold her position, the debtor was required to be a member of the Union. "[T]he [Union] Constitution authorizes the [Union] to fine, suspend or expel members who work in an establishment against which a strike is directed." Trial Court's Opinion, 71 B.R. at 153.

determinations of the district court under a clearly erroneous standard. If the legal conclusion of the district court that the facts constitute a violation of the Rule is disputed, we review that legal conclusion *de novo*. Finally, if the appropriateness of the sanction imposed is challenged, we review the sanction under an abuse of discretion standard.

*Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986) (footnote omitted); *see also Hurd v. Ralphs Grocery Co.,* 824 F.2d 806, 824 (9th Cir.1987).

Although the Union argues that its conduct in the instant case does not constitute a violation of Rule 11, the trial court determined that the Union had brought the proceeding to harass the debtor. The record fully supports the trial court's determination. The Union filed three separate Points and Authorities in which it made essentially the same arguments. As the Ninth Circuit has recently stated, "although this court reviews de novo whether particular conduct is sanctionable, it is necessarily handicapped in its review because it is more distant from the parties and events than the [bankruptcy] court." *Hudson v. Moore Business Forms, Inc.,* 836 F.2d 1156, 1160 (9th Cir.1988).

The Union's argument that its claim is nondischargeable as a willful and malicious injury is neither supported by precedent or the facts of this case. It is clear that the debtor's reasons for breaching the contract with the Union were purely due to her financial condition and that of her children. There is no evidence on the record before this Panel that the debtor's conduct amounted to a malicious or willful injury. To adopt the Union's arguments would essentially make every breach of contract claim nondischargeable as a "willful and malicious injury." Such an argument is in no instance supported by case law, the purpose of the Bankruptcy Code, or common logic. The Union's argument is clearly not one which can be considered as one "in an area of the law which cannot be regarded as settled." *Zaldivar,* 780 F.2d

at 834 (as cited in *Hudson,* 836 F.2d at 1160).

As the trial court correctly stated,

[Bankruptcy Courts] look to authorities under Rule 11 for guidance in applying Bankruptcy Rule 9011. *Rule 11 requires parties and their counsel to look into the state of the law before making arguments to the court* and to offer only those arguments that are supported by the law or a reasonable argument to change the law. *Smith v. United Transp. Union Local No. 81,* 594 F.Supp. 96, 100 (S.D.Cal.1984).

Trial Court Opinion, 71 B.R. at 154 (emphasis supplied).

In the instant case, the Union's arguments are not supported by the law and its continued reliance on nonbankruptcy authority does not support a reasonable argument to change the law. Accordingly, the bankruptcy court did not err in imposing Rule 11 sanctions upon the Union and did not abuse its discretion in the amount of sanctions imposed.

■ The debtor also seeks sanctions against the Union for prosecution of this appeal as frivolous. While the Bankruptcy Rules and the Rules of Procedure for the Bankruptcy Appellate Panel do not contain a provision dealing with sanctions on appeal, Fed.R.App.P. 38 provides: "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Cases interpreting Rule 38 indicate that a frivolous appeal is one where the result is obvious or the arguments are wholly without merit. *In re Hawaii Corp.,* 796 F.2d 1139, 1144 (9th Cir.1986); *In re Peoro,* 793 F.2d 1048, 1052 (9th Cir.1986).

Given the circumstances underlying the instant case, this Panel finds that the Union's arguments cannot be supported and that the result of this appeal was obvious.

Based on the foregoing, the bankruptcy court's order is AFFIRMED and this case is REMANDED to the trial court for a determination of the amount of the costs and attorney's fees.