**In re James L. VIRGIL, Debtor.**

**Janet Lee SCHMIEGELOW, Plaintiff,**

**v.**

**James L. VIRGIL, Defendant.**

**Bankruptcy No. A88–10215–JB.**

**Adv. No. 89–0216A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 9, 1989.

Stephen A. Gura, William H. Arroyo & Associates, Tucker, Ga., for plaintiff.

Hoke Smith, III, Clark & Smith, P.C., Atlanta, Ga., for defendant.

## ORDER

JOYCE BIHARY, Bankruptcy Judge.

This matter is before the Court on plaintiff's motion to impose sanctions against the defendant-debtor (the "defendant") under Bankruptcy Rule 9011. The Court held a hearing on the motion on October 10, 1989 and took the matter under advisement.

The pertinent facts are as follows. On April 24, 1989, plaintiff filed a timely complaint objecting to the dischargeability of her claim under 11 U.S.C. § 523(a)(6). On April 25, 1989, counsel for the plaintiff, Stephen A. Gura, had his office courier try to serve the summons and complaint on the defendant personally at the address listed in the bankruptcy case file as the defendant's residence address. The courier discovered that the defendant no longer lived at this address and so advised Mr. Gura. Mr. Gura then requested that the postmaster provide him with defendant's current mailing address, and the postmaster provided two possible new addresses for the defendant. On April 27, 1989, Mr. Gura's office again attempted personal service on the defendant at both of the two addresses provided by the postmaster, but the defendant did not live at either of these addresses. On April 28, 1989, Mr. Gura called defendant's counsel of record, Emory L. Clark at Clark & Smith, P.C., and told Mr. Clark about the complaint he had filed and that he could not find the defendant at the address listed on the bankruptcy notices. Mr. Gura asked Mr. Clark to provide him with the defendant's current residence address, but Mr. Clark refused to do so.

On June 15, 1989, Mr. Gura had the summons reissued and on June 19, 1989, Mr. Gura served defendant by regular, first-class United States mail at the defendant's address listed in the bankruptcy file and served Mr. Clark, as counsel for defendant, also by mail, all pursuant to Bankruptcy Rule 7004(b)(9).

One month after proper service was effected, the defendant filed a motion to dismiss, alleging that the complaint should be dismissed based on a delay in service. The motion did not challenge the sufficiency of service, but contended that the service was too late. The plaintiff filed a brief in opposition to the motion to dismiss and a "cross-motion for Rule 11 sanctions". On August 18, 1989, the Court denied the defendant's motion to dismiss and set the plaintiff's motion for sanctions down for a hearing.

Bankruptcy Rule 9011 entitled "Signing and Verification of Papers", provides in pertinent part as follows:

(a) *Signature.* Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney ... shall be signed by at least one attorney of record in the attorney's individual name, whose office address and tele-

phone number shall be stated.... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed *after reasonable inquiry it is well grounded in fact and is warranted by existing law* or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Bankruptcy Rule 9011 (emphasis added).

█ The language of Bankruptcy Rule 9011 and Fed.R.Civ.P. 11 ("Rule 11") are virtually identical and the courts generally look to authorities under Rule 11 for guidance in applying Bankruptcy Rule 9011. *Local 11500, Communications Workers of America v. Akridge (In re Akridge)*, 89 B.R. 66 (9th Cir. BAP 1988). A pleading with no reasonable factual basis or a pleading advancing a legal argument with no reasonable chance of success under the state of the decisional and statutory law warrants the imposition of Rule 11 sanctions. *See United States v. Milam*, 855 F.2d 739, 742 (11th Cir.1988) (citing *Donaldson v. Clark*, 819 F.2d 1551 (11th Cir. 1987) (*en banc* )).

█ The Court has considered the pleadings, the evidence and argument presented by the parties, and the state of the relevant law, and concludes that the motion to dismiss filed by the defendant on July 18, 1989 was filed in violation of Bankruptcy Rule 9011, as it was without a reasonable factual basis and it had no reasonable chance of success under the existing law.

The defendant's motion to dismiss does not cite to any statute, rule or case law.

There was nothing improper with the issuance of a second summons. Bankruptcy Rule 7004(f) provides that if the original summons is not delivered or mailed within ten days following its issuance, another summons *shall* be reissued and served. The Court is aware of no law that would support the dismissal of a complaint when service is accomplished 56 days after the complaint was filed as was the case here. The operative rules on time limits for service do not call for dismissal unless the delay has been at least 120 days. Fed.R. Civ.P. 4(j) made specifically applicable to adversary proceedings by Bankruptcy Rule 7004(a) provides as follows:

*Summons: Time Limit for Service.* If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) ("Rule 4(j)").

Local Rule 230-2, NDGa., also provides that the court may dismiss an action without prejudice as to any defendant not served within 120 days after the filing of the complaint where the party required to be served had notice. Rule 4(j) has been said to create a rebuttable presumption that service of a summons and complaint can be made and will be made within 120 days. 4A A. Miller & C. Wright, Federal Practice and Procedure § 1137 (2d ed. 1987). While the Court may enlarge the time period where good cause for the delay in service is shown, the Court is not aware of any authority allowing the Court to reduce the time limit for service set out in Rule 4(j). In fact, cases in which Rule 4(j) has been invoked involve periods longer than 120 days between the filing of the complaint and service. *See Santos v. State Farm Fire and Casualty Company*, No. 87 Civ. 7985 (JMW) (S.D.N.Y. August 7, 1989) (LEXIS, Genfed. library, Dist file) (where plaintiff did not serve one of the defendants until 435 days after the filing of

the complaint) and *Edwards v. Edwards,* 754 F.2d 298 (8th Cir.1985) (where 170 days passed without service of the summons and complaint on the defendant). Accordingly, the Court finds that the defendant's motion to dismiss was not warranted by existing law and had no reasonable chance of success.

The defendant's motion to dismiss alleged that the plaintiff "allowed" the summons issued on April 24, 1989 "to go stale", presumably referring to the rule that provides that a summons needs to be served within ten (10) days of its issuance. *See* Bankruptcy Rule 7004(f). Reasonable inquiry by the defendant would have disclosed that the plaintiff made diligent efforts within the ten-day period after the first summons was issued to effectuate personal service under Fed.R.Civ.P. 4(d)(1), made applicable to adversary proceedings by Bankruptcy Rule 7004(a). The plaintiff tried to serve the defendant at the address listed in the defendant's bankruptcy schedules. When that failed, the plaintiff contacted the postmaster and attempted personal service at two other addresses. Most importantly, plaintiff's counsel called defendant's counsel within the ten-day period explaining the difficulty he was having in locating a proper address and asking counsel to provide a current address, but defendant's counsel refused to disclose the debtor's address.

The defendant's motion to dismiss further alleges that there was a "lengthy delay" in service caused by a "lack of diligence" on the part of the plaintiff. This allegation is similarly not well grounded in fact. A 56–day delay during which plaintiff made diligent but unsuccessful efforts to effect personal service after which plaintiff's counsel decided to go ahead and effect service by mail does not amount to a lack of due diligence. Reasonable inquiry would have made it apparent that any delay in service was not due to a lack of diligence on plaintiff's part, but was due to the debtor's failure to notify the Court of a change in address.

Pursuant to Bankruptcy Rule 9011, upon finding that a pleading was signed in violation of the Rule, the Court is to impose an appropriate sanction on the person who signed the pleading or on the represented party, or both. The plaintiff's motion for sanctions requested the imposition of sanctions in the form of attorney's fees against the defendant James L. Virgil. The plaintiff is entitled to recover reasonable attorney's fees incurred in defending the motion to dismiss. Mr. Gura charges $90.00 an hour, and he spent 4.9 hours defending the motion to dismiss. Accordingly, the plaintiff's motion for sanctions against the defendant is GRANTED and the defendant is liable to the plaintiff for attorney's fees in the amount of $441.00.

The Court also believes that Rule 9011 sanctions should be imposed against the lawyer who signed and filed the motion to dismiss. However, the October 10, 1989 hearing on the plaintiff's motion for sanctions was not directed to counsel, and counsel is entitled to an opportunity to be heard on this matter. Accordingly, defendant's counsel who signed the motion to dismiss, Hoke Smith, III, is ordered to show cause in Courtroom 1707 of the United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, at 10:00 A.M. on the 15th day of December, 1989, why sanctions should not be imposed against him in accordance with Bankruptcy Rule 9011 for signing and filing the motion to dismiss.

IT IS SO ORDERED.