**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: JEFFREY WAYNE BOWER,
<u>Debtor.</u>

SUMMER M. DOWDY,
<u>Plaintiff-Appellant,</u>

v.                                                                          No. 97-1903

JEFFREY WAYNE BOWER, individually
and t/a American Lenders Service
Company of Roanoke,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CA-96-934-R)

Argued: May 8, 1998

Decided: June 5, 1998

Before WIDENER and HAMILTON, Circuit Judges, and
FRIEDMAN, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Vacated and remanded for a new trial by unpublished per curiam
opinion.

_____

**COUNSEL**

**ARGUED:** Terry N. Grimes, KING, FULGHUM, SNEAD, NIXON & GRIMES, P.C., Roanoke, Virginia, for Appellant. Malissa Lambert Giles, GILES & LAMBERT, P.C., Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The principal issue in this appeal is whether Virginia law recognizes a common law cause of action in tort for wrongful discharge where the employee's discharge is based on sex discrimination. The district court held that Virginia law does not recognize such a cause of action, and consequently, over the objections of the appellant, tried her case on an intentional infliction of emotional distress theory. For reasons that follow, we vacate the district court's judgment and remand for a new trial.

I

A

Jeffrey Wayne Bower (Bower) owned and operated a repossession company called American Lenders Service Company (American Lenders) in Roanoke, Virginia. In July 1994, Summer Dowdy began working as the office manager for American Lenders. Dowdy was hired as an at-will employee.

At trial, Dowdy testified that she was sexually harassed from the first day of her employment until her employment ended. According to Dowdy, Bower asked her to photocopy her breasts, bragged about the size of his penis, offered to give her a raise if she would provide

2

sexual favors to him, and encouraged her to have sexual intercourse with two persons and/or another woman. Bower also subscribed to several pornographic magazines which were available to all the employees in the office. On one occasion, a pornographic homosexual magazine was placed in Dowdy's desk with a "post-it" note affixed to one of the pages of the magazine. The note was written by Jerry Bower, Bower's father, and was placed on a page displaying a photograph of a nude man with an erect penis. The "post-it" note said, "Summer, this is for you." (J.A. 96). The other employees of American Lenders, all male, also bragged to Dowdy about their sexual prowess, asked her intrusive questions about her sexual experiences, and suggested that she participate in certain lewd sexual acts.

Bower denied the acts of which Dowdy accused him, but did acknowledge that everyone in the office, including Dowdy, engaged in conversations of a sexual nature. Additionally, Bower acknowledged the presence of pornographic magazines.

The cause of Dowdy's departure in January 1995 was disputed at trial. According to Dowdy, after enduring the sexual harassment for a little over six months and searching unsuccessfully for a comparably paying job, she quit. According to Bower, she was dismissed because of poor performance.

As to her damages, Dowdy testified that the sexually charged environment disrupted her ability to concentrate and do her job properly. She testified that her work environment caused depression, anxiety, and insomnia.

B

On May 4, 1996, Dowdy filed a motion for judgment against Bower in his individual capacity and trading as American Lenders in the Circuit Court for the City of Roanoke. Dowdy's motion for judgment alleged claims of sex discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Virginia Human Rights Act, Va. Code § 2.1-714 et seq. Dowdy's motion for judgment also asserted a claim for common law wrongful discharge based on sex discrimination.

3

At the time Dowdy filed her motion for judgment, she was unaware that Bower was proceeding in bankruptcy. After Dowdy learned of Bower's bankruptcy petition, she filed an adversary proceeding against Bower in Bower's Chapter 7 bankruptcy proceeding, seeking a determination that her Title VII, Virginia Human Rights Act, and common law wrongful discharge claims were not dischargeable. See 11 U.S.C. § 523(a)(6) (a Chapter 7 bankruptcy debt is nondischargeable if the debtor's obligation to the creditor arose from a "willful and malicious" injury). Following a pre-trial hearing, the bankruptcy court declined to hear the case and transmitted a withdrawal of reference to the district court, where a trial was set for May 12, 1997.

On the day of trial, the district court held, over Dowdy's objection, that the only potential non-dischargeable claim was the tort claim of intentional infliction of emotional distress. According to the district court, because Bower did not employ enough people to qualify as an employer under Title VII and because the Virginia Human Rights Act did not create a separate cause of action for sex discrimination, Dowdy was left with only the state law claims of wrongful discharge and intentional infliction of emotional distress. [1] Additionally, the district court concluded that because Dowdy's common law wrongful discharge claim was contractual, and not tortious, the debt was dischargeable under § 523(a)(6). See, e.g. , Barbachano v. Allen, 192 F.2d 836, 838 (9th Cir. 1951) (simple breach of contract is not the type of injury addressed by § 523(a)(6)); In re Akridge, 71 B.R. 151, 154 (Bankr. S.D.Cal. 1987) (debts that are excepted from discharge under § 523(a)(6) relate solely to tortious liabilities, not debts stemming from breach of contract). Accordingly, Dowdy's case was tried on an intentional infliction of emotional distress theory, which, under Virginia law, requires proof by clear and convincing evidence. See Russo v. White, 400 S.E.2d 160, 162 (Va. 1991). Following a jury trial, the jury returned a verdict in favor of Bower. Dowdy moved for a new trial, but that motion was denied. Dowdy filed a timely notice of appeal.

_____

[1] Dowdy does not challenge on appeal the district court's ruling with respect to her claims under Title VII and the Virginia Human Rights Act.

4

II

The district court held that Virginia law does not recognize a common law cause of action in tort for wrongful discharge where the plaintiff's discharge is based on sex discrimination. Consequently, Dowdy's case was not tried on a wrongful discharge/sex discrimination theory, but rather on an intentional infliction of emotional distress theory, which, as all parties concede, requires a higher burden of proof. See id. Dowdy contends that Virginia law does recognize a common law cause of action in tort for wrongful discharge where the plaintiff's discharge is based on sex discrimination and, therefore, the district court's failure to try the case on this theory constitutes reversible error. At oral argument, counsel for Bower candidly conceded that the district court erred in converting Dowdy's theory of the case from wrongful discharge/sex discrimination to intentional infliction of emotional distress.

In Bowman v. State Bank of Keysville, 331 S.E.2d 797 (Va. 1985), the Virginia Supreme Court recognized a common law cause of action in tort for the wrongful termination of employment under an exception to the employment at-will doctrine. Id. at 800-01. The exception to the employment at-will doctrine applies to terminations that violate Virginia's public policy. See Shaw v. Titan Corp., 1998 WL 190860, *3 (Va. April 17, 1998). The Virginia Supreme Court has held that when an employer terminates an at-will employee on account of sex discrimination, the termination violates the public policy of Virginia. See id. at *4; Lockhart v. Commonwealth Educ. Sys. Corp., 439 S.E.2d 328, 332 (Va. 1994).[2] Accordingly, Virginia law does recognize a common law cause of action in tort for wrongful discharge where the employee's discharge is based on sex discrimination and, therefore, Dowdy was entitled to have her case tried on that basis.

_____

[2] Because the events giving rise to Dowdy's wrongful discharge action occurred before the effective date of the 1995 amendments to the Virginia Human Rights Act, we need not address the applicability of the 1995 amendments to this case. The 1995 amendments to the Virginia Human Rights Act, inter alia, created a private cause of action for wrongful discharge in certain specified circumstances and abolished common law claims of wrongful discharge in violation of the policies set forth in the Virginia Human Rights Act. See Doss v. Jamco, Inc., 492 S.E.2d 441, 447 (Va. 1997).

III

For the reasons stated herein, the judgment of the district court is vacated and the case is remanded for a new trial.

VACATED AND REMANDED FOR A NEW TRIAL

6