## In re PAPALE.

### No. 30003.

District Court, E. D. New York.
July 9, 1936.

Joseph Spencer, of New York City, for Giuseppina Spicuglia and William Spicuglia.

Frank W. Porcaro, of Brooklyn, N. Y., for bankrupt.

Morris E. Packer, of Brooklyn, N. Y., for trustee.

MOSCOWITZ, District Judge.

This is a motion to vacate the stay granted April 7, 1936, enjoining William Spicuglia, an infant, and his guardian ad litem, Giuseppina Spicuglia, their attorney, and the sheriff of Kings county from taking further steps to collect a judgment of $6,600 obtained in an action in the Supreme Court of the state of New York, entitled William Spicuglia, an infant, by Giuseppina Spicuglia, his guardian ad litem, plaintiff, against Anthony Papale, an infant, by Felice Papale, his guardian ad litem, Felice Papale, and Virginia Papale, defendants.

A similar motion is made in the case of Virginia Papale.

The action upon which the judgment was obtained was based upon the willful and malicious tort of the defendant Anthony Papale, thirteen and a half years of age, in that he willfully and maliciously discharged a B–B gun into the eye of William Spicuglia, nine years of age.

It appears that the bankrupts purchased a B–B gun for their son Anthony who, with their knowledge, used it in shooting lead slugs at cats, birds, and at his playmates and that as a result of shooting William Spicuglia, Spicuglia lost the sight of one eye.

Certainly, parents who permit a child thirteen and a half years of age to possess an air rifle and to shoot lead pellets indiscriminately should be held accountable for the acts of their son, and especially in a case of this kind where a child nine years of age has lost the sight of one eye as the result of the wanton and willful negligence of the parents in permitting their child to possess and shoot an air rifle. They should not receive consideration from a court in bankruptcy and the judgment should not be discharged in bankruptcy.

Motion to vacate the stay is granted.