## In re GOODMAN.

No. 39248.

District Court, E. D. New York.

Nov. 20, 1940.

Harold Savin, of New York City, for judgment creditor, Abraham Gross.

Brodsky & Stone, of New York City, for bankrupt.

ABRUZZO, District Judge.

This is a motion for an order vacating and setting aside a stay order of one of the judges of this Court, dated July 19, 1940, upon the ground that the same was improperly obtained. The judgment creditor claims that the judgment stayed is for a debt not dischargeable in bankruptcy.

Apparently, when the action was commenced by the judgment creditor, the complaint alleged an action in negligence. At the close of the case, the judgment creditor moved to amend the complaint to conform to the proof. Objection was made to the motion but it was granted by the Court.

By this amendment, the judgment creditor contends that included in the complaint was a cause of action for assault. The facts out of which the judgment arose may be summarized as follows:

Hyman Goodman, the bankrupt, a driver employed to make deliveries, discovered that several tubs of butter were missing from his truck. A short time later, the bankrupt thought he recognized the suspected thieves, gave chase and fired a loaded pistol, for which he had a permit, intending to frighten them. His aim was poor and he shot a pedestrian, the judgment creditor, causing the injury the damages for which are the basis of the judgment in question. The briefs sub-

624

mitted to the Supreme Court of New York County covered the law of assault. The opinion of that Court in Gross v. Goodman, 173 Misc. 1063, 19 N.Y.S.2d 732, 734, states in part: "It is a penal offense for a person, otherwise than in self-defense, or in the discharge of official duty, to wilfully discharge any species of fire-arm in a public place or in any place where there is any person to be endangered thereby, although no injury to any person ensues. * * * Death resulting from an act of culpable negligence may constitute manslaughter. * * * The defendant was not acting in self-defense or in the discharge of official duty, and hence had no lawful right to discharge his pistol— ·which was a *wilful and intentional act."* (Italicizing, this court's)

The judgment granted by the Supreme Court of New York County was a general one, but the language indicated that the assault was the basis, at least in part, for the judgment obtained.

Section 17, Subdivision a(2), Bankruptcy Act, 11 U.S.C.A. § 35, sub. a(2); provides that a debt or a judgment founded upon a "willful and malicious injur[y] to the person or property of another" may not be discharged in bankruptcy.

The judgment herein comes within the purview of that section of the bankruptcy act and the stay is therefore vacated. Authority for vacating this stay is also found in Re Papale, D. C., 17 F. Supp. 146.

Settle order on notice.