FRUGÉ, Judge.
This action arises out of an automobile accident which occurred on U. S. Highway 90 on February 27, 1964.
On the date of the accident American Home Assurance Company had in effect an automobile physical damage policy on Chrysler Leasing Corporation, also known as Econo-Car International, Inc., of Detroit, Michigan, covering a 1964 Plymouth four-door sedan. This policy covered the damaged vehicle sued upon on the basis of the subrogation claim American Home Assurance Company had as a result of having paid off losses on the above mentioned vehicle. Econo-Car International, on the date of the accident, had a bailment in effect whereby Shayne Miller was leasing the aforementioned vehicle from them. Shayne Miller was driving this vehicle east on U. S. Highway 90 when she was hit head-on by a vehicle driven by Leon Coleman, minor son of defendant, Everett A. Coleman.
At the time of the accident Leon Coleman and his passenger, Everett Jerald Coleman, were turning into the Forest Courts Lounge on U. S. Highway 90. Both Coleman boys made statements that they had been drinking prior to the time of the accident and were turning into the Forest Courts Lounge to continue their drinking. The vehicle involved with plaintiff-appellant’s assured vehicle was a 1964 Pontiac sedan owned by the Coleman brothers’ father, Everett A. Coleman. The vehicle belonging to the assured of appellant was totally demolished.
American Home Assurance Company paid the Econo-Car International, Inc., its assured, $2,007.69, the amount of the loss less salvage and deductible. By virtue of the articles of subrogation signed by the assured of appellant, appellant was subrogat-ed to the rights of its assured and therefore brought the action against appellee, Everett A. Coleman, for the acts of his minor son.
After suit had been filed by the appellants, appellee filed bankruptcy in the Western District of Louisiana, listing the debt owed as a result of his sons’ accident. Appellee was discharged from this obligation in bankruptcy and appellant chose not to oppose the bankruptcy in the Federal bankruptcy court but chose the state forum.
An exception of no right or cause of action was filed by appellee and the lower court ruled in favor of the appellee on this exception.
The sole question on appeal is whether or not the lower court erred in holding that the willful and intentional injury caused by the appellee’s minor son cannot be imputed to the father, thus making a debt which is not dischargeable in bankruptcy.
Louisiana jurisprudence has long been established that a drunken driver causing injury to another is willful and malicious per se and is not dischargeable in bankruptcy. Rosen v. Shingleur, La.App., 47 So.2d 141, and LaFleur v. Fontenot, 120 So.2d 538. As was said in the Rosen case,
“If a motorist deliberately gets drunk and, regardless of the rights of pedestrians or other motorists, projects his automobile on the highway when in no physical or mental condition to drive, his act is ‘wilful and malicious’ within meaning of provision of the Bank *579 ruptcy Act that a discharge shall release a bankrupt from all provable debts except such as are liabilities, for obtaining property by false pretenses or false representations or for ‘willful and malicious’ injuries to the person or property of another. Bankr. Act, § 17, sub. a(2), 11 U.S.CA. Sec. 35, sub. a(2).”
There is no question that if Everett Coleman had been the drunken driver who caused injury, this debt could not be dis-chargeable by him.
Article 2318 of the Civil Code states who is responsible for the damages occasioned by a minor:
“The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or rtneman-cipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.”
This article and a long list of cases hold that the father is responsible for, answerable for, attributable for, rendered accountable for, or not relieved from liability for a minor’s negligence.
There is no question that the father is responsible for the damage occasioned by the negligence of his minor son, but can the willful and intentional act of a minor be imputed to a father in such a way as to say that the father was personally guilty of willful and intentional misconduct? In order for it to be said that one is guilty of a willful and intentional wrong, some personal action by him must be proven.
The only case that was found in researching this issue was Fleshman v. Trolinger, 18 Tenn.App. 208, 74 S.W.2d 1069. In this case defendant and his spouse were co-owners of a car in which his wife seriously injured plaintiff by operating it in such a way as to cause a willful and intentional injury. The husband declared bankruptcy, listing the judgment against him on the list of unsecured debts. The Court of Appeals of Tennessee held that since the husband was not in the car at the time of the accident, it was not possible to say that he willfully (that is, intentionally) caused injury and therefore this debt was discharge-able under 11 U.S.CA. § 35.
This court believes that although the father is responsible for the negligence of his minor son, the intentional and willful act of the minor cannot be imputed in such a way as to deem his father guilty of an intentional and willful act. Whereas the father may become responsible for the negligence and liable therefor, he cannot be said to have intentionally or willfully caused the accident.
As was said in the case of Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149:
“Nor can we agree with the theory of the Court of Appeal that the negligence of the son must be imputed to the mother because the mother was vested with the theoretical right of control of the son’s operation of the car. On the contrary, the negligence of one person cannot be imputed to another person not guilty of personal negligence in the absence of a legal obligation on the part of the latter to respond for the fault of the former.”
For the foregoing reasons, the judgment of the lower court in favor of the appellee on the exception of no right or cause of action is affirmed. Costs of this appeal to be taxed against the appellant.
Affirmed.