CULPEPPER, Judge;
The plaintiff, Estelle Beam Anderson, filed a rule to show cause why there should not be judgment rendered herein decreeing that defendant’s discharge in bankruptcy does not release a certain judgment in favor of plaintiff and her two minor children for damages for the wrongful death of plaintiffs husband. The district judge held for the plaintiff on the grounds that plaintiff's husband was killed in an automobile accident caused by the “extreme intoxication of the defendant and hence the judgment was for willful and malicious injury within the meaning of the Federal Bankruptcy Act.” Defendant appealed.
The facts .show that on July 2, 1965 judgment was rendered in the Eighth Judicial District Court for the Parish of Grant, State of ^ Louisiana, in favor of plaintiff and her two mjnor children and against the defendant for the total sum of $70,000. In its written reasons for judgment the court stated:;
“The Court considering and finding the death of Harold W. Anderson to have occurred as the direct result of the wanton willful negligence of Oliver L. Mc-Phate while driving in a state of heavy intoxication, judgment was rendered against him in the total amount of $70,-000.00.”
On Octóber 6, 1965, the defendant obtained a discharge in bankruptcy “ * * * from all debts and claims which, by the Act of Congress relating to bankruptcy, are made provable against his estate, except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy.”
On February 19, 1966, plaintiff filed the present rule to show .cause in the state court why the said judgment for damages should not be excepted from the operation of the discharge in bankruptcy.
Counsel for defendant recognizes that several cases from the appellate courts of this state hold that a motorist, who deliberately gets drunk and, regardless of the rights of others, drives an automobile on the highway and causes injury to another person is guilty of “willful and malicious injuries to the person or property of another” within the meaning of the Federal Bankruptcy Act. Rosen v. Shingleur, 47 So.2d 141 (La.App. 1st Cir. 1950); LaFleur v. Fontenot, 120 So.2d 538 (La.App. 1st Cir. 1960); American Home Assurance Co. et al. v. Coleman, 180 So.2d 577 (La.App. 3rd Cir. 1965).
Eminent counsel for defendant argues that this jurisprudence does not correctly construe the Federal Bankruptcy Act. It is his contention that the word “willful” must be construed to mean “intentional”; and that the word “malice” must be construed to mean “actual hatred or ill will” toward the injured person. Under such a construction, defendant argues that a person who is “heavily intoxicated”, as the trial judge found the defendant here to be, is incapable of intent; and that no malice, hatred or ill will was borne by defendant toward the deceased. Counsel cites the early case of Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904) as supporting his argument.
We do not construe the Tinker case to support defendant’s position. The Federal courts have not so construed it. For instance, in the case of Den Haerynck v. Thompson, 228 F.2d 72, the Court of Appeal for the Tenth Circuit said:
“ * * * But it is settled law that such conduct does not necessarily mean or involve a malignant spirit or a specific intention to injure a particular person or harm his property. A willful disregard of that which one knows to be his duty, or an act which is wrongful in and of itself, and which necessarily causes in *679 jury, if done intentionally, is done willfully and maliciously, within the scope of the exception to dischargeability created by the statute. And ‘In order to come within that meaning as a judgment for a wilful and malicious injury to person or property, it is not necessary that the cause of action be based upon special malice, so that without it the action could not be maintained.’ Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 508, 48 L.Ed. 754; McIntyre v. Kavanaugh, 242 U.S. 138, 37 S.Ct. 38, 61 L.Ed. 205.”
As we stated in the recent case of American Home Assurance Company et al. v. Coleman, supra, we think the cited jurisprudence is correct and should be followed.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.