BAILES, Judge.
This matter is before us as the result of a writ of certiorari directed to the trial court wherein we ordered the proceedings conducted therein transmitted to this court in order that we might determine the validity thereof.
The facts are these. X-L Finance Company, (X-L), obtained a judgment against Charles E. Civil, (Civil), on December 3, 1964, in the amount of $321.75. Subsequently, X-L initiated garnishment proceedings against Civil’s employer, however, X-L received no funds from this proceeding. Later, X-L invoked garnishment proceedings against Civil’s wife’s employer. Shortly thereafter, Civil and his wife filed a petition in bankruptcy, and in due course, Civil was granted a discharge in bankruptcy. X-L made no appearance in the bankruptcy proceeding.
On November 14, 1966, X-L filed a summary proceeding against Civil in which Civil was ordered to show cause why the judgment which X-L obtained against him on December 3, 1964, should not be declared to have survived Civil’s discharge in Bankruptcy.
Civil responded to the rule to show cause by filing various dilatory, declinatory and peremptory exceptions, all of which were overruled by the trial court. Subsequently, Civil sought to appeal from the adverse rulings of the trial court, however, the trial court refused to grant him an order of appeal. Application to this court for a writ of certiorari was made by Civil, and as stated supra, this court did issue the writ of certiorari.
Defendant, Civil, presents essentially three specifications of error committed by the district court:
1.That trial court erred in entertaining a motion by X-L to try the discharge-ability of an obligation which a federal court had already determined to be one “from which a discharge in bankruptcy would be a release.”
2. In the alternative, if the issue of dischargeability is not barred by prior federal determination, then the trial court erred in not requiring X-L to bring the action via ordinaria and restricting the evidence to the record through judgment.
3. The trial court erred in overruling applicant’s exception of vagueness.
On considering the first specification of error, we find that Section 17(a) of the Bankruptcy Act (11 U.S.C.A. § 35), sets forth those obligations which are not affected by a discharge in bankruptcy. It provides: “(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities for obtaining money or property by false pretenses or false representations * * * or for willful and malicious injuries to the person or property of another, * * *»
The right of the state court to pass upon the dischargeability of a debt by bankruptcy proceedings has been repeatedly recognized. A case clearly in point is that of Physicians & Surgeons Hospital, Inc. v. Savell (La.App., 1954) 76 So.2d 75. In this case, the plaintiff performed certain services for the defendant on the false representation that the services sought of plaintiff would be paid for under certain insurance coverage which the defendant possessed. Such representations were false. Therein the court stated: “ * * * But the record indicates plaintiff herein has made no appearance in defendant’s bankruptcy proceedings and jurisdiction of the Federal Court has not attached to it so as to require the court whence this appeal to act for reasons of comity. The right of the state court to pass upon the dis-chargeability of a debt by bankruptcy has *328 been repeatedly recognized, (cases cited are omitted).”
Defendant-in-rule, Civil, argues that X-L may not proceed by summary process to prove that its claim has not been discharged. The plaintiff, X-L, contends that the question of whether a judgment debt survives a judgment debtor’s discharge is an incidental question arising in the course of litigation for which summary proceedings may be used for the determination of the question. LSA-C.C.P. Article 2592 sets forth the limited circumstance under which summary proceedings may be used. It provides: “(1) An incidental question arising in the course of litigation.”
Further, X-L contends that the jurisprudence of this state supports its position, and cites the cases of Heyerdale v. Haneman (La.App.1964) 170 So.2d 401; X-L Finance Company v. Adams (La.App.1966) 187 So.2d 759; and Anderson v. McPhate (La. App.1966) 192 So.2d 677. All of these cited cases are clearly distinguishable from the instant case. In the Heyerdale case, the question of fact of whether the debtor was guilty of any fraud or misrepresentation was determined by the trial court prior to rendition of the judgment from which discharge was sought. Therein the appellate court stated, “The question is one of law, based on the record as made up.” In X-L Finance Company case, it is true that summary process was invoked by the plaintiff, however, no objection was urged to this mode of procedure. The defendants therein answered the rule to show cause denying false representation, and after the determination of the question of fact, appealed the adverse judgment. The question of the propriety of the summary proceedings therein conducted was never before the court. In the Anderson case, the discharge-ability of the debt called into question the determination of whether the judgment debtor had been guilty of willful ahd malicious injuries causing death of the plaintiff’s husband. The trial court, in awarding damages against the defendant-bankrupt determined that the injuries were willfully and maliciously inflicted. Only a question of law on the face of the record was before the court in those summary proceedings.
To prove that its claim has not been discharged, in the bankruptcy proceedings, X-L, in the instant case, must establish that the defendant made false representation, that those representations were made with the intent to defraud the plaintiff, and that it relied upon and was misled by the false representations. See Feliciana Finance Company v. Bateman (La.App. 1967) 194 So.2d 781. When X-L secured a final judgment recognizing its claim against Civil, the question of indebtedness of Civil to X-L was finally resolved. Now a new question or issue has arisen; that whether X-L’s judgment has been extinguished by the defendant’s, Civil’s, discharge in bankruptcy. This is the only issue between the parties at this time, and it is not an incidental question involved in the course of the litigation which terminated in the judgment awarded X-L on December 3, 1964.
This proceeding does not come within the purview of the provisions of LSA-C.C.P. Article 2592, and summary proceeding in this matter is not otherwise authorized by any other provision of our law.
For the foregoing reasons, the judgment of the trial court is reversed and this action dismissed as of non-suit. X-L Finance Company, Inc., to pay all court costs.
Writ maintained.