**In re Phillip Wayne HORNE, Debtor.**

**Roy F. JOHNSON, Plaintiff,**

v.

**Phillip Wayne HORNE, Defendant.**

**Bankruptcy No. 84–02572A.
Adv. No. 84–0594A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 16, 1985.

Sammy J. Hawkins, Marietta, Ga., for plaintiff.

Robert E. Flournoy, III, Marietta, Ga., for defendant.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

On September 19, 1984 plaintiff filed the instant complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6). Plaintiff had received a state court judgment against the instant defendant along with judgment against his son for injuries received from the son who was driving while intoxicated. The jury awarded judgment against the father under the Family Purpose Doctrine. On June 7, 1984 the father filed a Chapter 7 petition with this Bankruptcy Court. On October 25, 1984 the plaintiff filed a motion for summary judgment. Defendant responded to plaintiff's motion and filed a cross motion for summary judgment.

This Court has carefully reviewed the pleadings in the instant proceeding. To prevail on a § 523(a)(6) exception to discharge the plaintiff must show a "willful and malicious injury by the debtor." In the instant circumstances, despite having a state court judgment against debtor Phillip Horne, the plaintiff is not able to show that he suffered a willful and malicious injury at the hands of the defendant-debtor-father. Under the Bankruptcy Code vicarious liability which is the underlying basis for liability under the Family Purpose Doc-

trine, is an insufficient basis for "willful and malicious injury" of the Bankruptcy Code.

Plaintiff's motion for summary judgment is DENIED. Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.