**In re Jimmy Ray EGGERS, Debtor.**

**In re Patsy Phostine EGGERS, Debtor.**

**Geneva YELTON, Plaintiff,**

**v.**

**Patsy Phostine EGGERS and Jimmy Ray Eggers, Defendants.**

**Bankruptcy Nos. 3–84–01626, 3–84–01627.**
**Adv. No. 3–84–0333.**

United States Bankruptcy Court, E.D. Tennessee.

July 26, 1985.

Lewis Merryman, Elizabethton, Tenn., for plaintiff.

Thomas Cowan & Associates, Lanny R. Norris, Elizabethton, Tenn., for defendants.

## MEMORANDUM AND ORDER

CLIVE W. BARE, Bankruptcy Judge.

In this adversary proceeding, arising as the result of an automobile accident, plaintiff seeks a determination of nondischargeability for willful and malicious injuries, 11 U.S.C. § 523(a)(6) (1979),[1] against both a minor and his mother. While she disputes liability to the plaintiff, the defendant mother, Patsy Eggers, insists that in any event she is entitled to summary judgment on the question of dischargeability.

### I

When the debtors filed their separate chapter 7 bankruptcy petitions on October 5, 1984, plaintiff's wrongful death action against them was pending in state court. On November 14, 1984, plaintiff filed the instant complaint requesting a determination of nondischargeability of the debtors'

---

**1.** A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. . . .

alleged, unliquidated indebtedness to her.[2] Plaintiff alleges that her daughter, Lisa Yelton, was killed in a two-car collision on May 16, 1984; that defendant Jimmy Ray Eggers negligently drove his automobile across the centerline of the highway, causing the collision resulting in her daughter's death; and that in driving at an excessive speed, while drinking, defendant Jimmy Ray Eggers was guilty of gross, willful, and wanton negligence.

Plaintiff contends her claim against each debtor is excepted from discharge pursuant to § 523(a)(6). According to plaintiff, the liability of defendant Jimmy Ray Eggers is imputed to his mother because she executed an application enabling him to obtain a driver's license from the Tennessee Department of Safety. Tenn.Code Ann. § 55–7–104(c) (1980). Plaintiff avers that in signing the license application defendant Patsy Eggers accepted the responsibilities and obligations imposed by Tenn.Code Ann. § 55–7–104 (1980), which enacts in material part:

> (d) Any negligence or willful misconduct or violation of any motor vehicle law of this state or any municipality thereof by a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway or street shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages or fines occasioned by such negligence, willful misconduct, or violation, except as otherwise provided in the next succeeding paragraph.[3]

Patsy Eggers admits signing the application for her son when he reached the age of sixteen so that he could obtain a Tennessee driver's license. She avers, however, that her son's license was revoked prior to the wreck on May 16, 1984, and that she was not a passenger in her son's car at the time of the fatal accident. Hence, she was not in a position to exercise authority or control over the manner in which her son was driving. At the time of the accident her son was the record owner of the automobile he was driving.

## II

■ Section 523(a)(6) excepts from discharge a willful and malicious injury *by the debtor* to another entity. The legislative history accompanying § 523(a)(6) indicates that a debt is nondischargeable only where injury has resulted from some deliberate or intentional act *of the debtor:*

> Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that *Tinker v. Colwell,* 193 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled. [footnote omitted]

H.R.Rep. No. 595, 95th Cong., 1st Sess. 365, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6320–21.

Unlike the present statute, under the former Bankruptcy Act, § 17(a)(8) contained no specific designation as to whose conduct was involved. The addition to the present Code of the phrase "by the debtor" clearly indicates rejection of an imputed liability theory.

*In Thatcher v. Austin,* 36 B.R. 306 (Bankr.M.D.Tenn.1984), the next of kin of a pedestrian killed by an intoxicated rock concert patron sought a declaration of nondischargeability of a claim asserted against the debtors, two promoters of the concert. Judge Lundin held that (1) the promoters' failure to prevent a minor from consuming beer was not a "willful and malicious" inju-

---

**2.** Defendant Jimmy Ray Eggers scheduled plaintiff as a creditor with a claim in an undetermined amount. Defendant Patsy Eggers did likewise, but, unlike her son, she denies any liability to plaintiff.

**3.** The exception, pertaining to proof of financial responsibility, is inapposite in this proceeding.

ry rendering any possible claim nondischargeable, and (2) imputing the patron's negligence or willful and malicious conduct to the debtors would vitiate the requirement that, to be nondischargeable on grounds of willful and malicious injury, the debtor's conduct must be willful.[4]

*Bowse v. Cornell*, 42 B.R. 860 (Bankr.E. D.Wash.1984) involved the tort of arson, committed by a seven-year old child. Plaintiffs asserted the child's parents, whose chapter 7 petition was filed after the arson, were liable under the state parental liability statute and that their liability should be excepted from discharge under § 523(a)(6). Plaintiffs averred their damage was proximately caused by the parents' willful negligence in permitting their seven-year old child to have the means and unsupervised opportunity to set fires. Emphasizing that § 523(a)(6) excepts from discharge only willful and malicious injuries inflicted by the debtor, Judge Volinn concluded the plaintiffs could not establish a nondischargeable debt absent some willful and malicious act by the parents.

Plaintiff's reliance upon *Bandy v. Duncan*, 665 S.W.2d 387 (Tenn.Ct.App.1983), is misplaced. The "determinative" issue in *Bandy* as stated by the court was:

> [W]hether the statute's [Tenn.Code Ann. § 55–7–104(d) ] imputation of negligence to a parent signing the so-called "Teen-Age Affidavit" applies to a minor's operation of a motorcycle even if the minor's driver's license does not contain a motorcycle endorsement.

*Bandy*, 665 S.W.2d at 389.

Speaking for the court, Judge Conner held that the liability of the father was not limited to the operation of vehicles included by the license, but rather a much broader obligation existed, encompassing all conduct when driving a motor vehicle of any sort.

■ The question to be determined by this court, however, is whether, for the

determination of dischargeability, the *willful* and *malicious* conduct of Jimmy Ray Eggers, assuming that such conduct can be established at trial, can be imputed to the mother, whose only participation in the chain of events leading up to the wreck was the signing of an application enabling her son to obtain a driver's license. The specific words of the statute—a willful and malicious injury *by the debtor*—prohibit such a holding. The liability arising from the wreck, if any, of defendant Patsy Eggers to plaintiff is dischargeable. Accordingly, defendant Patsy Eggers' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

---

**4.** In this scholarly opinion Judge Lundin discusses at length vicarious or imputed liability. He concludes that plaintiff's complaint, "based entirely on claims of negligence, statutory presumptions of negligence or vicarious liability,

not on any deliberate or intentional conduct of the debtors," *Austin*, 36 B.R. at 312, did not involve willful and malicious acts, under § 523(a)(6), by the debtor promoters.