**In re David Lee HURST, Judy Ann Hurst, Debtors.**

**AVCO FINANCIAL SERVICES OF OHIO, INC., Plaintiff,**

v.

**David Lee HURST, et al., Defendants.**

Bankruptcy No. B87–00353–Y.

Adv. No. 87–0041.

United States Bankruptcy Court,
N.D. Ohio.

March 28, 1988.

James J. Connelly, Warren, Ohio, for debtors/defendants.

Ronald A. DeVito, Warren, Ohio, for plaintiff Avco Financial Services of Ohio, Inc.

Thomas L. Corroto, Youngstown, Ohio, Trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

On or about July 30, 1986, the Debtors jointly entered into a loan agreement with AVCO FINANCIAL SERVICES OF OHIO, INC. ("AVCO"). As security for the note they signed in conjunction with the loan, the Debtors agreed to pledge certain items of personal property as collateral, including, among other things, a crossbow and a shotgun. It is admitted that the crossbow and the shotgun do not have a value in excess of Two Hundred Fifty & 00/100 Dollars ($250.00).

Sometime around January 1987, Mr. Hurst relinquished the crossbow and shotgun in lieu of payment for repair services performed on Mr. Hurst's automobile. Mrs. Hurst was not a party to this transaction. Thereafter, on March 25, 1987, the Debtors filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code. On May 22, 1987, AVCO filed this adversary action requesting a determination finding the Debtors' obligation to AVCO to be nondischargeable pursuant to 11 U.S.C. Sec. 523(a)(6).

## DISCUSSION

The obligation of Mrs. Hurst as a joint obligor is deemed to be dischargeable insofar as she appears to have been unaware of the transactions to which the Movant objects. Accordingly, the Court need only decide Mr. Hurst's entitlement to a discharge of his obligation to AVCO.

11 U.S.C. Sec. 523(a)(6) provides:

(a) A discharge under Sec. 727, 1141, 1228(a), 1228(b), or 1328(b) of this Title does not discharge an individual debtor from any debt—

. . . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

Three requirements must be met in order to except a debt from discharge under Sec. 523(a)(6)—(1) an injury; (2) that is willful; and (3) malicious.

The first requirement is met insofar as injury under this Section includes common law conversion. *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986); *In re Vaughn*, 779 F.2d 1003, 1008 (4th Cir.1985).

The injury must also be "willful" and "malicious." The Sixth Circuit defined these terms in *Wheeler v. Laudani*, 783 F.2d 610 (6th Cir.1986), where it wrote:

> Under Sec. 523(a)(6) of the Bankruptcy Code, 'willful' means deliberate or intentional (Citations omitted). 'Malicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill will or specific intent to do harm.

*Id.* at 615. Mr. Hurst's conduct appears to have been "willful," as that term is defined by the Sixth Circuit. In other words, his conduct was deliberate and intentional—he intended the results of his act.

However, the Debtor's conduct must also be malicious. The Movant incorrectly asserts that malice is unneeded and that its inclusion in 11 U.S.C. Sec. 523(a)(6) is mere surplusage. It is true that animosity or spiteful behavior is unneeded, but this does not render the requirement for malice wholly superfluous. The Movant cites *In re Cecchini*, 780 F.2d 1440 (9th Cir.1986) and *In re Franklin*, 726 F.2d 606 (10th Cir.1984) in support of his position. On the contrary, *In re Cecchini* examined the meaning of "malicious" and determined that it meant an act that was "wrongful and without just cause or excessive, even in the absence of personal hatred, spite, or ill will." The Court also fails to see how *In re Franklin* supports the Movant's reasoning.

On the other hand, the Debtor suggests that malicious conduct must involve acts which are "more culpable than that which is in reckless disregard of [a] creditor's economic interests ... as distinguished from mere legal rights." The Court finds the standard proposed by the Debtor to place too onerous a burden on creditors seeking to protect their rights. Indeed, contrary to the Debtor's assertion, the Debtor's knowledge that a creditor's legal rights are being violated would appear to be sufficient to be deemed to be in "conscious disregard of one's duties," thereby permitting the Court to find an obligation nondischargeable. At any rate, in a Sec. 523(a)(6) action, this Court will require

proof that the Debtor's conduct was both willful and malicious, as both terms were defined in the *Wheeler* decision by the Sixth Circuit.

The Court need not consider whether the Debtor had the requisite malice because AVCO admitted in its brief that this act was committed without malice. In view of our determination that malice is an essential element in a Sec. 523(a)(6) action, AVCO cannot succeed on the merits. Therefore, Mr. Hurst's obligation to AVCO is deemed to be dischargeable.

IT IS SO ORDERED.