In re Raymond Lee **HINER**, Sr., Jeanie Lin Hiner, Debtors.

Myrtle A. **POSEY**, an Incompetent by Joseph J. **BARONZZI**, Guardian Plaintiff,

v.

Raymond Lee **HINER**, Sr., Jeanie Lin Hiner, Defendants.

Bankruptcy No. B87–01472–Y.
Adv. No. 88–0002.

United States Bankruptcy Court, N.D. Ohio.

June 14, 1988.

---

Robert W. Hum, II, and Lawrence W. Stacey, Columbiana, Ohio, for debtors/defendants Raymond and Jeanie Hiner.

Richard C. Shelar, Leetonia, Ohio, for plaintiff.

Thomas L. Corroto, Youngstown, Ohio, Trustee.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

This cause comes before the Court on the Complaint filed by the Guardian of the estate of Mrs. Myrtle Posey, seeking to except from discharge a state court judgment for breach of the contractual obligation that Debtors undertook to provide living quarters, meals, and laundry services to Mrs. Posey.

In or about November, 1985, the Probate Court of Columbiana County, Ohio, adjudged Mrs. Posey to be incompetent and appointed Joseph Baronzzi, Esq., as Guardian of the estate with Mrs. Jeanie Hiner, one of the Debtors, appointed Guardian of the person of Mrs. Posey. On February 3, 1986, the Debtors, Mrs. Posey, and her estate guardian entered into a written agreement whereby Mrs. Posey promised to pay Twelve Thousand, Nine Hundred & 00/100 Dollars ($12,900.00) to the Debtors for the construction of an addition to their home. In return, the Debtors agreed to provide Mrs. Posey with exclusive use of the addition, together with daily meals and necessary laundry service. The contract was to continue during life, or until Mrs. Posey developed a disability lasting more than thirty (30) days which necessitated personal nursing or nursing home care. Mrs. Posey was already living with the Debtors when the agreement was signed, and she continued to reside with the Debtors while construction of the addition was proceeding. The addition was completed in March, 1986, and Mrs. Posey took up residence there.

Shortly thereafter, Mr. Baronzzi began receiving complaints regarding the quality of care which Mrs. Posey was receiving. Testimony indicates that most, if not all, complaints were initiated by Mrs. Patricia

McGath.[1] Mr. Baronzzi investigated the complaints as they were made, but never found any basis upon which to remove Mrs. Posey from the Debtors' care. In fact, Mr. Baronzzi felt compelled to pay the Debtors approximately Two Hundred & 00/100 Dollars ($200.00) a month for providing Mrs. Posey with certain personal services beyond what the contract required. In spite of these circumstances, the complaints continued unabated.[2]

In or around August 1986, Mrs. Posey was hospitalized. A special diet was prescribed, and the Debtors conformed their diet to meet her dietary needs. Mrs. Posey was again hospitalized in or around September 1986. Her attending physician, Peter Cibula, M.D., suggested temporary nursing home care on September 10, 1986, because Mrs. Posey apparently was incapable of independent living at that time. As a result, the Debtors placed Mrs. Posey in Hutton Nursing Center ("HNC"). A short time later, she was released from HNC at the request of family members and taken back to the Debtors' residence. However, the Debtors put her back into HNC so the Debtors could take a vacation.[3] On October 28, 1986, the Debtors requested placement of Mrs. Posey in a nursing home and a release from their obligations under the agreement entered into between the Debtors and Mrs. Posey. On November 10, 1986, the Probate Court authorized Mrs. Posey's placement in a suitable boarding home, but reserved judgment on the necessity of the nursing home placement and the discharge of the Debtors from their contractual obligations under the agreement. On August 27, 1987, the Probate Court found that the Debtors were indebted to the ward's estate in the sum of Seven Thousand, Nine Hundred & 00/100 Dollars ($7,900.00).[4] The Debtors filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code on November 10, 1987. The Amended Complaint in this adversary action was subsequently filed on January 19, 1988. A hearing was held on May 9, 1988.

As this Court has previously held, three requirements must be satisfied to render a debt nondischargeable under 11 U.S.C. Sec. 523(a)(6)—(1) an injury; (2) that is willful; and (3) malicious. *In re Hurst*, 94 B.R. 442, 442–43, (Bankr.N.D.Ohio 1988). The Plaintiff cannot meet the first element because Sec. 523(a)(6) relates solely to tortious liabilities and not to debts stemming from breach of contract. 3 *Collier on Bankruptcy*, Sec. 523.16 (L. King, 15th ed. 1979), *In re Akridge*, 71 B.R. 151, 154 (Bankr.S.D.Cal.1987). Thus, a breach of contract claim cannot be found nondischargeable under Sec. 523(a)(6).

The result would be no different if the court, in its equitable power, took the Complaint as one grounded upon Sec. 523(a)(4). Nondischargeability under that Section requires a finding that the Debtors committed "fraud or defalcation while acting in a fiduciary capacity." Even though Ohio law may imbue the guardian of a person with a fiduciary obligation (an issue we need not address at this time), such a characterization would not be controlling here.[5] The reason for this rationale was articulated by the court in *In re Gans*, 75 B.R. 474 (Bankr.S.D.N.Y.1987):

> Thus, a distinction must be made between a true fiduciary relationship and a relationship that is in reality a debt-

---

1. Based upon testimony of the Debtors and Mrs. Posey, the Court is convinced that the complaints were largely unfounded. The Court is also firmly convinced that the agreement between Mrs. Posey and the Debtors would still be in effect, had it not been for Mrs. McGath's officious intermeddling in the relations between Debtors and Mrs. Posey.

2. Although largely trivial, the complaints were both numerous and frequent enough to constitute harassment of the Debtors by Mrs. McGath.

3. This is the conclusion of the Probate Court of Columbiana County, Ohio, which this Court is bound to adopt.

4. This amount was calculated by attributing a net value of $5,000.00 to the benefits rendered by the Debtors to the ward. This amount was then subtracted from the original claim of $12,900.00.

5. Ohio Rev.Code Ann.Sec. 1339.42(A) implies the existence of a fiduciary obligation on the part of a guardian.

or/creditor arrangement. The concern here is that the definition of fiduciary be narrowly construed so that it 'not reach commercial debtor-creditor transactions in which the debtor merely violated the terms of his agreement with the creditor.' [citation omitted]. As a result, the 'traditional' or general meaning of fiduciary, that is, a person who stands in a special relationship of good faith, trust, and confidence, is 'far too broad for the purposes of bankruptcy law.' [citations omitted].

*Id.* at 489. Thus, the question of who is a fiduciary for purposes of Sec. 523(a)(4) is a question of federal law. *In re Johnson,* 691 F.2d 249, 251 (6th Cir.1982). The Sixth Circuit has concluded that the term "fiduciary" only applies to express or technical trusts. *Id., In re Interstate Agency, Inc.,* 760 F.2d 121, 124 (6th Cir.1985). Neither the agreement nor relevant state statutes indicate the presence of an express trust relationship between a guardian of a person and the ward.

Thus, the Debtors' obligation cannot be found to be nondischargeable under either Sec. 523(a)(4) or Sec. 523(a)(6). The Court is greatly concerned over Mrs. Posey's future ability to fund her independent living due to the depletion of her estate. The obvious solution would be for Mrs. Posey to resume residing in the addition to Debtors' home which she paid for and for Mrs. McGath and others to cease their unfounded interference. This Court cannot decree such a resolution. The sole issue before us is the dischargeability of the state court judgment.

The contractual obligation is discharged. Judgment shall be entered for Defendants.

This Memorandum Opinion shall constitute the Court's findings and conclusions pursuant to Bankruptcy Rule 7052.