**In re Leonard WHITACRE and Emily Whitacre, Debtors.**

**Curtis JONES, Plaintiff,**

v.

**Leonard WHITACRE and Emily Whitacre, Defendants.**

**Bankruptcy No. B88–01014–Y.
Adv. No. 88–0080.**

United States Bankruptcy Court,
N.D. Ohio.

Nov. 22, 1988.

Bruce R. Epstein, Youngstown, Ohio, for debtors/defendants.

---

Joseph R. Ulrich, Ulrich and Cantor, Painesville, Ohio, for plaintiff.

Carl D. Rafoth, Youngstown, Ohio, Trustee.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This matter comes before the Court on the Debtors' Motion for Judgment on the Pleadings which was filed with the Court on November 14, 1988.

In his Amended Complaint, the Plaintiff, CURTIS JONES, contends that the Debtors' minor child committed an undisclosed, intentional tort against him. The Plaintiff asserts that the Debtors' statutory obligation for their child's intentional acts ought to be deemed nondischargeable. Although the asserted basis for this claim is 11 U.S.C. Sec. 523(a)(5), the Court takes the Complaint as an action based upon Sec. 523(a)(6). That Section disallows a discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity." The Plaintiff apparently maintains that the child's intent may be imputed to the parent debtor under Section 523(a)(6). The Debtors respond that neither Congress nor the courts have accepted the concept of vicarious liability for "willful and malicious acts" of minor children of debtors insofar as the dischargeability of such obligations is concerned.

Ohio Revised Code, Sec. 3109.10, provides, in part:

Any person is entitled to maintain an action to recover compensatory damages in a civil action, in an amount not to exceed Two Thousand & 00/100 Dollars ($2,000.00) and costs of suit in a court of competent jurisdiction, from the parents who have the custody and control of the child under the age of 18, who willfully and maliciously assaults the person by a means or force likely to produce great bodily harm.

Relying upon *In re Papale,* 17 F.Supp. 146 (E.D.N.Y.1936), the Plaintiff asserts that an obligation arising from parental liability for the acts of one's children is nondischargeable. As the Debtors point out, *In re Papale* construed Sec. 17(a)(8) of the former Bankruptcy Act, which language differs significantly from Sec. 523(a)(6) of the current Bankruptcy Code. Sec. 17(a)(8) contained no designation of whose conduct was necessary in order to find an obligation to be nondischargeable. In contrast, Sec. 523(a)(6) explicitly requires that the misconduct be committed "by the debtor to another entity...." The legislative history accompanying the enactment of Section 523(a)(6) indicates Congress's specific intent that a debt is nondischargeable only where injury has resulted from some deliberate or intentional act of the Debtor. To the extent that the common law arising under former Bankruptcy Act, Section 17(a)(8), held to the contrary, the legislative history specifically stated that those decisions are overruled by the enactment of Section 523(a)(6). H.R.Rep. No. 595, 95th Cong., 1st Sess., 365, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6320–21. *See also In re Eggers,* 51 B.R. 452, 453 (Bankr. E.D.Tenn.1985). We read this language to be dispositive of this adversary action.

Even if the statutory language did not preclude the Plaintiff's action, the Complaint would, nevertheless, fail. On prior occasions, this Court has held that three requirements must be satisfied to render a debt nondischargeable under 11 U.S.C., Sec. 523(a)(6)—(1) an injury; (2) that is willful; and (3) malicious. *In re Hurst,* 94 B.R. 442, 443 (Bankr.N.D.Ohio 1988); *In re Hiner,* 94 B.R. 955 (Bankr.N.D. Ohio 1988). In *Wheeler v. Laudani,* 783 F.2d 610 (6th Cir.1986), the Sixth Circuit defined "willful" to mean "deliberate or intentional." In order to prevail on this requirement, the Plaintiff would have to aver and prove that the Debtors intended the Plaintiff's assault by virtue of their failure to properly supervise their minor child. There is no such allegation to this effect in the

Plaintiff's Complaint. The Amended Complaint is deficient in this and several other respects, such as the pleading of evidence and citation of legal authority. The Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 7008, Bankruptcy Rules. It is doubtful that any statement of the claim here made would be sufficient to show that Plaintiff is entitled to the relief sought. There appears to be no dispute as to the operative facts, and it appears that Defendants are entitled to judgment as a matter of law.

Finally, our decision is in accord with other courts which have considered a similar issue. *In re Eggers*, 51 B.R. 452 (Bankr.E.D.Tenn.1985); *In re Cornell*, 42 B.R. 860 (E.D.Wash.1984). In conclusion, we find no basis upon which the Court might deny the Debtors a discharge by imputing the minor child's conduct to the parents. Taking the Debtors' Motion for Judgment on the Pleadings as a motion for summary judgment, the Motion is hereby sustained. The foregoing constitutes the findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

IT IS SO ORDERED.