In the Matter of Charles D. and Wanda M. MILLER, Debtor.

Robert DEROCHE, Plaintiff,

v.

Charles D. MILLER, Defendant.

Bankruptcy No. 95–12938.
Adversary No. 95–1216.

United States Bankruptcy Court,
E.D. Louisiana.

June 4, 1996.

Ralph D. Hillman, Thibodaux, LA, for Plaintiff.

Robert Drouant, New Orleans, LA, for Defendant.

## MEMORANDUM OPINION

JERRY A. BROWN, Bankruptcy Judge.

This matter comes before the Court upon cross motions for summary judgment filed by Robert Deroche ("Deroche") (Pl. 6) and by debtor, Charles D. Miller ("debtor") (Pl. 10). At issue is whether a state court judgment rendered against the debtor based upon the willful and malicious acts of the debtor's son is dischargeable under 11 U.S.C. § 523(a)(6). The court has considered the record, pleadings, and applicable law, and makes the following determinations.[1]

## I. FINDINGS OF FACTS

Deroche filed a lawsuit in the 17th Judicial District Court for Lafourche Parish, Case No. 75152, against the debtor "individually and as administrator of" the debtor's minor son. (Pl. 11, Ex. A). The state court petition alleges that the debtor's son shot Deroche in the face at close range, thereby causing physical injuries and damages to Deroche. (Pl. 11, Ex. A). The only allegation in the state court petition as to the debtor is that "Defendant, Charles D. Miller, as the father of William Miller, is responsible and answerable in damages for his minor child's intentional acts". (Pl. 11, Ex. A at ¶ 7).

Deroche and his girlfriend were the only witnesses who testified at the state court confirmation of default hearing on June 16, 1995. (See Pl. 11, Ex. B). Deroche testified that the debtor's son shot him in the face. Deroche's girlfriend apparently did not witness the shooting, but saw Deroche immediately afterward. Neither of the witnesses gave any testimony at the hearing with respect to the debtor.

Following the testimony, the state court judge stated:

This Court will render judgment in favor of the Plaintiff in the sum of $50,000.00, with legal interest thereon from the date of judicial demand until paid, plus special damages in the sum of $448.00 for loss [sic] wages, and $2,044.41 for loss [sic] medical expenses. Judicial interest to run on these from date of judicial demand until paid. The Defendant is also assessed with all costs of these proceedings. Counsel is instructed to prepare a judgment to that effect.

(Pl. 11, Ex. B at 11–12). The state court judge did not issue any other findings or conclusions.

On the same day as the confirmation of default hearing, the state court judge rendered judgment in favor of Deroche and against "defendant, Charles Miller, Individually And As Administrator of the Minor William Miller" in the amounts stated at the hearing. The judgment included the following language:

IT IS FURTHER ORDERED, ADJUDGED & DECREED that the actions of the defendant, CHARLES MILLER, Individually And As Administrator of His Minor Son, WILLIAM MILLER are hereby recognized as intentional acts, which were wanton, willful, and malicious.

(Pl. 7, Exhibit A).

The pending adversary complaint alleges that the state court judgment is nondischargeable under 11 U.S.C. § 523(a)(6).

---

1. This memorandum opinion constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052. The court has jurisdiction over the matter under 28 U.S.C. § 1334. The matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## II. CONCLUSIONS OF LAW

### A. Burden of Proof

■ The party seeking to establish that a debt is nondischargeable bears the burden of proof under Section 523 by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

### B. Positions of the parties

It is undisputed that the act of the debtor's son in shooting Deroche in the face was a willful and malicious injury. The issue is whether the willful and malicious conduct of the debtor's son should be imputed to the debtor for purposes of determining dischargeability of the debt under 11 U.S.C. § 523(a)(6).

Deroche contends that the debt is nondischargeable. In support of his position, Deroche cites two Civil Code articles and Louisiana case law. Article 2318 of the Louisiana Civil Code provides in pertinent part:

> The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, ...

La.Civ.Code art. 2318 (West Supp.1996).

Article 237 of the Louisiana Civil Code provides that parents are answerable for the offenses or quasi-offenses committed by their children. La.Civ.Code art. 237 (West 1993).

Deroche argues that the Louisiana jurisprudence holds that under Civil Code articles 2318 and 237, the parent's liability for the acts of a minor child is strict or "absolute", and that the parent and child are solidary obligors. *See Turner v. Bucher,* 308 So.2d 270 (La.1975); *Ryle v. Potter,* 413 So.2d 649 (La.App. 1st Cir.1982); *Deshotel v. Casualty Reciprocal Exchange,* 350 So.2d 283 (La.App. 3rd Cir.1977). Thus, Deroche contends that because the law treats the parent and the child as solidary obligors, then the victim can compel payment from either. Consequently, because the child cannot be discharged from the debt under 11 U.S.C. § 523(a)(6), then the father cannot be discharged either.

The debtor argues that the shooting of Deroche by the debtor's minor son was not a malicious and willful injury by the debtor, and is therefore dischargeable under the plain language of Section 523(a)(6).

### C. Section 523(a)(6)

■ Section 523(a)(6) of the Code provides:

> (a) A discharge under section 727, .. of this title does not discharge an individual debtor from any debt—
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

■ The court must first look to the text of the statute and construe its terms according to the plain meaning. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). In determining a statute's plain meaning, it is assumed that, absent any contrary definition, "Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning." *In re Greenway,* 71 F.3d 1177, 1179 (5th Cir.1996), *citing, Pioneer Investment Services Co. v. Brunswick Associates Ltd.,* 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993). A statute must, if possible, be construed in such a fashion that every word has some operative effect. *U.S. v. Nordic Village, Inc.,* 503 U.S. 30, 36, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992). If the language of the statute is clear, then "the inquiry should end". *In re Greenway,* 71 F.3d at 1179, *citing, United States v. Ron Pair Enterprises, Inc.,* 489 U.S. at 241, 109 S.Ct. at 1030.

In Section 523(a)(6), the phrase "by the debtor" follows the phrase "for willful and malicious injury". Thus, the plain meaning test requires that the debtor must have been the one who caused the willful and malicious injury. Imputed liability is insufficient.

Although there were no recent cases construing the vicarious liability of a parent resulting from the acts of a child under Section 523(a)(6), several older cases considered the issue and reached the same conclusion. *See In re Whitacre,* 93 B.R. 584 (Bankr. N.D.Ohio 1988) (No allegation that debtor's

conduct was "deliberate or intentional"; child's conduct could not be imputed to the parents); *In re Eggers*, 51 B.R. 452 (Bankr. E.D.Tenn.1985) (Child's conduct in killing an individual while driving at excessive speed was not conduct "by the debtor", and was dischargeable under 11 U.S.C. § 523(a)(6)); *In re Horne*, 46 B.R. 814 (Bankr.N.D.Ga. 1985) (Vicarious liability is an insufficient basis for "willful and malicious injury" under Section 523(a)(6)); and *In re Cornell*, 42 B.R. 860, 863 (Bankr.E.D.Wash.1984) ("Addition of the phrase 'by the debtor' adds force to the current trend of case law rejecting imputed liability".)

The *Whitacre, Eggers,* and *Cornell* cases recognized that the predecessor statute to Section 523(a)(6), former Bankruptcy Act Section 17(a)(8), did not contain any designation of whose conduct was necessary in order to find an obligation to be dischargeable. *Whitacre*, 93 B.R. at 585; *Eggers*, 51 B.R. at 453; *Cornell*, 42 B.R. at 863. These cases determined that the addition of the phrase "by the debtor" clearly indicated a rejection of an imputed or vicarious liability theory.

The issue was also discussed under prior versions of the Civil Code and Section 17(a)(8) of the Bankruptcy Act in the case of *American Home Assurance Company v. Coleman*, 180 So.2d 577, 579 (La.App. 3rd Cir.1965), in which the court held:

> This court believes that although the father is responsible for the negligence of his minor son, the intentional and willful act of the minor cannot be imputed in such a way as to deem his father guilty of an intentional and willful act. Whereas the father may become responsible for the negligence and liable therefor, he cannot be said to have intentionally or willfully caused the accident.

The court concludes that the conduct of the debtor's son may not be imputed to the debtor for purposes of determining whether an act was "willful and malicious" under Section 523(a)(6).

**D.** *Collateral estoppel effect of state court judgment*

▆ Deroche points out that the judgment entered by the state court specifically recognized that the actions of the debtor, "Individually And As Administrator of His Minor Son . . . are hereby recognized as intentional acts, which were wanton, willful, and malicious."

The Fifth Circuit has recognized that collateral estoppel applies in bankruptcy courts only in limited circumstances, and only if "the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question—that is, an issue which encompasses the same *prima facie* elements as the bankruptcy issue—and the facts supporting the court's findings are discernible from that court's record." *In re Dennis*, 25 F.3d 274, 278 (5th Cir.1994).

In the case at bar, the debtor introduced a copy of the petition and a transcript of the confirmation of default hearing. The only allegation in the petition with respect to the debtor was that he was responsible and answerable in damages for his son's intentional acts. The debtor's name was not mentioned at the confirmation of default hearing. Following the testimony at the hearing, the state court judge said he would render judgment in favor of the plaintiff, and asked plaintiff's counsel to prepare the judgment.

Based on the state court record, it is clear that the state court judgment was based upon the intentional acts of the debtor's son and not the debtor. Accordingly, the court will not give collateral estoppel effect to the language in the judgment finding that the debtor's actions were intentional.

Judgment will be entered in accordance with this memorandum opinion.

### *JUDGMENT*

For the reasons assigned in the foregoing memorandum opinion issued this date, accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the motion for summary judgment filed by plaintiff, Robert Deroche, is **DENIED.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the motion for summary judgment filed by debtor/defendant, Charles D. Miller, is **GRANTED.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment be entered in favor of the debtor/defendant, Charles D. Miller, and against the plaintiff, Robert Deroche, **DISMISSING** plaintiff's complaint with prejudice at the plaintiff's costs.