**In re Milton J. GUTH, Debtor.**

**Donald D. WEISBERGER, Plaintiff,**

v.

**Milton J. GUTH, Defendant.**

**Bankruptcy No. 96–14197.
Adversary No. 96–1364.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 2, 1997.

Donald D. Weisberger, Cleveland Hts., OH, for Plaintiff.

Milton J. Guth, Lyndhurst, OH, Pro Se.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Donald D. Weisberger (Plaintiff) seeks a ruling in this proceeding which, if granted, would deny discharge of a scheduled judgment debt. During the course of a trial, Debtor Defendant Milton J. Guth (the Debtor) moved for a directed verdict following the close of the Plaintiff's case-in-chief. The Debtor further stated that he would present no case-in-chief following the Court's ruling on his motion for directed verdict.

The dispositive facts are generally not in dispute. Both Plaintiff and the Debtor are licensed attorneys practicing in the State of Ohio. Prepetition, Plaintiff agreed to serve as co-counsel with the Debtor in a state court medical malpractice action. In doing so, the parties agreed to divide equally any award of attorneys fees. (See, Ex. B). Said state court action ended in a $150,000.00 judgment favorable to their client. From the judgment amount, forty percent (40%) or $60,000.00

represented the attorney fees to be divided between Plaintiff and the Debtor. When the Debtor failed to pay the amount of fees owed to Plaintiff, the latter commenced a state court civil action against the Debtor which resulted in a consent judgment favorable to the Plaintiff in the amount of $30,750.00 issued on October 15, 1987. Subsequently, the Debtor sought voluntary relief under Chapter 7 of the Bankruptcy Code, and this proceeding ensued.

■ In resolving this action, the Court must determine whether the Debtor's failure to pay certain attorneys fees to Plaintiff constituted an act of fraud while acting in a fiduciary capacity thereby rendering the debt nondischargeable. The burden of proof is upon the complainant who must prove his case by a preponderance of evidence. *In re Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Plaintiff alleges, *inter alia,* that the Debtor committed an act of constructive fraud while serving in his capacity as trustee of certain wrongful death settlement proceeds. More specifically, the Plaintiff alleges that the Debtor's failure to pay him his share of the attorney's fees from the settlement proceeds constituted the constructive fraudulent act. (See, Complaint ¶ 4).

Under § 523(a)(4) of the Bankruptcy Code [11 U.S.C., 523(a)(4) ], the following is noted in pertinent part:

§ 523(a):

A discharge under section 727 … of this title does not discharge an individual debtor from any debt

—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. § 523(a)(4).

As stated, Plaintiff contends that the Debtor committed constructive fraud by not paying him his agreed upon share of the attorneys fees. In his case-in-chief, Plaintiff called but one witness—the Debtor, as if on cross-examination. Therein, the Debtor conceded that he retained Plaintiff to assist him as co-counsel in a state court civil action and agreed to split the legal fees equally. He further testified that Plaintiff was awarded a

judgment against him in a separate state court civil action in an amount of $30,750.00 as a result of his failure to pay the agreed upon fees. (Guth, Cross–Examination). He also acknowledged that he breached a contractual relationship he entered into with Plaintiff in this regard. He does not agree that he committed any fraudulent act towards Plaintiff and further asserted that there was never any fiduciary relationship between himself and Plaintiff.

*Exhibits*

From the $150,000.00 civil judgment in which the parties herein were to split attorneys fees, the settlement distribution sheet (Jt.Ex. 1, p. 2) shows a total of $75,000.00 allocated to attorneys fees. In response to Court inquiry, the Debtor stated that the $75,000.00 includes the subject attorneys fees, in addition to certain legal fees owed to one Attorney Richard White who also provided legal assistance in the case.

■ From the evidence admitted, an examination of the record, generally, no fiduciary relationship has been proved by the Plaintiff. In order to succeed in a nondischargeability action under § 523(a)(4) based upon fraudulent conduct, it is incumbent upon the complaining party to show the existence of a fiduciary relationship with the defending party at the time of the alleged misconduct. Herein, Plaintiff, although alleging a fiduciary relationship, presented no evidence to support the allegation. Even his pretrial statement (p.1, ¶ 2) acknowledges, in part, that his relationship with the debtor was contractual in nature. Further, the judicial authority he relies upon, *In re Harris–Miles,* 187 B.R. 178 (Bankr.N.D.Ohio 1995) is not supportive of the Plaintiff's position where he has not met the threshold requirement under § 523(a)(4) of proving the existence of a fiduciary relationship. Plaintiff, in fact, tendered four (4) exhibits for admission into evidence. Neither exhibit was opposed and neither exhibit established proof of a fiduciary relationship with the Debtor. *Harris–Miles* required the plaintiff therein to show establishment of a trust while acting in a fiduciary capacity and a breach of that relationship before nondischargeability can

be found under § 523(a)(4). Herein, if a fiduciary relationship existed between the parties, Plaintiff failed to prove it by the requisite burden of proof. Only an express or technical trust will give rise to a fiduciary relationship. *In re Garver*, 180 B.R. 181 (Bankr.N.D.Ohio 1995). Neither has been adduced by the Plaintiff in the case at bar. It is well-established in this Circuit that to successfully maintain a nondischargeability of debt incurred by a debtor while acting in a fiduciary capacity it is necessary to: (1) show the existence of an express trust status to the property in issue; (2) the debtor was acting in a fiduciary capacity; and (3) the debtor breached that relationship by at least defalcation of funds. *In re Interstate Agency, Inc.*, 760 F.2d 121 (6th Cir.1985), *citing, Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). With no fiduciary relationship being established, the Plaintiff has failed to meet his burden.

Notwithstanding the handwritten language in paragraph 3 of Jt. Ex. B which indicates, in part that, "the parties agree that the agreement to divide fees which was the basis for the within lawsuit established a trust agreement between the attorney respecting the fees collected in which both were entitled to share," such language fails to establish an express or technical trust which would give rise to a fiduciary relationship. As one commentator correctly noted:

> A trust will only be considered if it is an "express" or "technical" trust arising out of the relationship and not a "statutory" or "constructive" trust created by the act out of which the debt arose in the first place. In other words, if there is a general trust established by state law between partners in a partnership or between an officer or director and her corporation, then a fiduciary relationship exists. However, if the trust arose only by statute when the fraud or defalcation was committed, then the trust is insufficient to establish the requisite fiduciary relationship.[FN1]

------

FN1. Bankruptcy, Epstein, et al., § 7–28, p. 518 (1993).

As presented, the above-quoted language in Jt. Ex. B is nothing more than an attempt to create a constructive trust which emanated from the act out of which the debt arose in the first place. As such, it fails to create an "express" or "technical" trust arising out of the underlying co-counsel relationship between these parties.

Even if a fiduciary relationship existed between these parties, which I do not find, Plaintiff has failed to prove any fraudulent conduct or defalcation on the part of the Debtor. Upon Court inquiry, the Debtor testified that he went to the Plaintiff's office five (5) days after their co-counseled medical malpractice case settled for $150,000.00 to resolve the fee-splitting matter and further prepared a memo on that occasion and entered into an installment contract which was exhibited by the Plaintiff as a judgment entry. As such, the relationship herein is one of a contractual nature, which the Debtor acknowledges that he breached, rather than the breach of a fiduciary relationship which was never established by the Plaintiff. See, *In re Hiner*, 94 B.R. 955 (Bankr.N.D.Ohio 1988). When the Debtor breached the contractual arrangement with the Plaintiff, the latter sought recovery from the Debtor's malpractice insurer and recovered $20,000.00. The contractual arrangement for the Debtor to make installment payments and the recovery by Plaintiff against the Debtor's insurer are undisputed. In other respects, Plaintiff failed to prove any elements for embezzlement or larceny under § 523(a)(4), as well.

Accordingly, the Defendant's Motion for a directed verdict is hereby granted. Rule 50(a), Fed.R.Civ.P. Each party is to bear its respective costs.

**IT IS SO ORDERED.**